IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| EUGENE KENNETH BRINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 3:12CV240–HEH |
| ) | |
| DAVID EBBERT, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION
**(Accepting Report and Recommendation and Dismissing 28 U.S.C. § 2241 Petition)**

Eugene Kenneth Brinson, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition.[2] The matter is before the Court for review of the Magistrate

---

[1] That statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

[2] The Court sentenced Brinson to life imprisonment for possession with intent to distribute cocaine, cocaine base, heroin, and marijuana. *See Brinson v. United States*, No. 3:11cv387-HEH, 2011 WL 6759547, at *1 (E.D. Va. Dec. 23, 2011). Brinson received an enhanced sentence under 21 U.S.C. § 851. By Memorandum Opinion and Order entered on March 22, 2010, the Court denied a prior 28 U.S.C. § 2255 motion filed by Brinson. *Id.* By Memorandum Opinion and Order entered on December 23, 2011, the Court dismissed a 28 U.S.C. § 2241 petition filed by Brinson as a successive, unauthorized motion under § 2255. *Id.* at *1-2.

Judge's proposed findings. Brinson filed no objections. For the reasons set forth below, the Report and Recommendation will be accepted and adopted.

## I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

In his § 2241 Petition, Brinson challenges the sentence imposed by this Court. Specifically, Brinson argues: "Government notice to seek sentencing enhancement pursuant to [21 U.S.C. §] 851 is defective in light of *Carachuri-Rosendo v. Holder*, [and] *United States v. Simmons* . . .[³] which used *Carachuri* analysis . . . ." (§ 2241 Pet. 7-8.)[4] Brinson also "contends he is 'actually innocent' of enhanced sentence." (*Id.* at 8.) Brinson provides no supporting facts for his claims. Because Brinson challenges only a sentencing enhancement in his § 2241 Petition, it is RECOMMENDED that the action be DISMISSED for want of jurisdiction.

### A. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and Effective Death

---

[3] In *Carachuri–Rosendo v. Holder*, 130 S. Ct. 2577 (2010), the Supreme Court held that "whether a prior conviction is an 'aggravated felony' as used in the Immigration and Nationality Act ('INA') must be resolved by looking at the offense for which the defendant was actually convicted, not the offense for which he could have been convicted in view of his conduct." *United States v. Powell*, 691 F.3d 554, 555 (4th Cir. 2012). In *United States v. Simmons*, 649 F.3d 237, 241 (4th Cir. 2011), the United States Court of Appeals for the Fourth Circuit
> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a *hypothetical* defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history.

*Id.* at 556 (citing *Simmons*, 649 F.3d at 241).

[4] The Court corrects the capitalization in quotations from Brinson's petition.

Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[5]

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[6] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (internal citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

---

[5] An inmate may not file a second or successive § 2255 motion, unless a panel of the appropriate Court of Appeals certifies that the motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

[6] This statute provides, "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief [under 28 U.S.C. § 2255], shall not be entertained . . . unless it also appears that the remedy [under 28 U.S.C. § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

### B. Analysis of Brinson's § 2241 Petition

Brinson fails to satisfy the second prong of *In re Jones*. *Id.* at 334. Specifically, Brinson fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The conduct of which Brinson stands convicted, possession with intent to distribute cocaine, heroin, cocaine base, and marijuana, remains a crime.

Brinson seeks to proceed by § 2241 to challenge his enhanced sentence. As explained below, Brinson fails to establish that he can utilize the savings clause and § 2241 to pursue alleged sentencing errors. "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333-34); *see also Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) ("[O]ur cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction . . . ."); *Little v. Hamidullah*, 177 F. App'x 375, 375-76 (4th Cir. 2006) (affirming district court's determination that a federal prisoner could not utilize § 2241 to pursue a "claim[ ] that he was 'actually innocent' of being a career offender").

"The Fourth Circuit's refusal to allow petitioners to utilize § 2241 to challenge a career offender designation applies with equal force to a challenge to an enhanced sentence under 21 U.S.C. § 851." *Patterson v. Wilson*, No. 3:12CV66, 2013 WL 101544, at *3 (E.D. Va. Jan 8, 2013) (citing *Kincaid v. United States*, Nos. 5:12-CV-00166-RLV, 5:05-CR-00235-RLV-DCK-4, 2012 WL 6093456, at *4 (W.D.N.C. Dec. 7, 2012); *Jones v. United States*, Nos. WDQ-12-2186, WDQ-92-0301, 2012 WL 3115756, at *1 (D. Md. July 25, 2012)).

>Because Brinson challenges only the validity of his sentence and not the legality of his underlying conviction, he cannot pursue such a challenge by a § 2241 petition. *Wilson*, 2012 WL 1245671, at *3.[7]

(Report and Recommendation entered May 20, 2013 (alterations and omissions in original).) The Court advised Brinson that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. Brinson has filed no objections.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

---

[7] Moreover, because Brinson has not demonstrated his factual innocence of the predicate crimes used to enhance his sentence, Brinson cannot demonstrate his actual innocence of the enhanced sentence provision. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes" (citing *United States v. Maybeck*, 23 F.3d 888, 894 (4th Cir. 1994))); *Patterson*, 2013 WL 1010544, at *3 n.6.

## III. CONCLUSION

There being no objections, the Report and Recommendation will be accepted and adopted. Accordingly, Brinson's 28 U.S.C. § 2241 petition will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Brinson is entitled to further consideration in this matter. A certificate of appealability is therefore denied.

An appropriate Order shall accompany this Memorandum Opinion.

                                                         /s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug. 28, 2013
Richmond, Virginia